[S. F. No. 13663. In Bank.—January 17, 1930.]

RECLAMATION BOARD OF THE STATE OF CALI-
FORNIA et al., Petitioners, v. RAY L. RILEY, State
Controller, Respondent; WESTERN LAND AND REC-
LAMATION COMPANY (a Corporation), Intervener.

Stephen W. Downey, Downey, Brand & Seymour and
F. R. Pierce for Petitioners.

U. S. Webb, Attorney-General, and Robert W. Harrison, Deputy Attorney-General, for Respondent.

Robert T. Devlin, Theodore W. Chester and Brobeck, Phleger & Harrison, *Amici Curiae.*

Eddy Knapp for Intervener.

RICHARDS, J.—The petitioners have applied to this court for a peremptory writ of mandate commanding the respondent, as Controller of the state of California, to issue his official warrant in the sum of $3,661.93, payable out of that certain fund known as "Joint Navigation and Flood Control Project," as the purchase price of a certain warrant purchased by the State Department of Finance of one W. McWilliam with the consent of the Reclamation Board of the State of California, one of the petitioners herein, on September 3, 1929, which warrant so purchased had theretofore been drawn on and based upon "Sutter-Butte By-pass Assessment Number Six" and which warrant had been so purchased in alleged conformity with the provisions of section 37a of that certain act of the legislature approved May 21, 1929, and which became effective on August 14, 1929. (Stats. 1929, p. 707.) The respondent in his answer and return to said application has demurred thereto upon the ground that the same does not state facts sufficient to constitute a cause of action against the respondent or to entitle the petitioners to the relief prayed for therein or to any relief. The act of the legislature above referred to is entitled, "An act to amend sections 14, 15 and 19 of the 'Reclamation board act,' approved December 24, 1911, as amended, and adding two new sections thereto to be numbered 15a and 37a, respectively, relating to the auditing of canceled warrants and providing for the application of moneys released, reimbursed, or appropriated under and pursuant to chapter one hundred seventy-six, California statutes of 1925 and the war department appropriations act of congress of the United States for the fiscal year ending June 30, 1930, being public law number eight hundred forty-three, seventieth congress, approved February 28, 1929, and providing for the repeal of all laws in conflict herewith." Section 37a of the act, after reciting that the purpose thereof

was to further the provisions of certain previous acts of the state legislature providing plans for the control of the flood waters of the Sacramento and San Joaquin Rivers and their tributaries and for the improvement and preservation of navigation and for the reclamation and protection of lands susceptible of overflow from said rivers and their tributaries, and after reciting that certain moneys amounting to somewhat over four million dollars had been made available for such purposes pursuant to an act of Congress approved February 28, 1929, by which act said sum had been appropriated by the United States government and directed to be paid over to the state of California for the purposes above set forth, provided that said sum was to be deposited in a fund to be known as the ''Joint Navigation and Flood Control Project Fund,'' and which fund was to be expended and disbursed by the Reclamation Board for the uses and purposes and subject to the conditions thereafter in said act to be set forth and at such times and in such manner as said Reclamation Board in its discretion should deem necessary or proper, and directing the state Controller to issue his warrants upon said fund upon order by the Reclamation Board, and directing the state Treasurer to pay the same. Section 37a of said act then proceeded to prescribe the uses and purposes to which the moneys thus accumulated in said fund should be expended and which uses and purposes were set forth in said section in three subdivisions thereof. The first of these related to new construction done or required to be done and to lands, rights of way or easements necessary to be acquired by the state of California in carrying forward said work of reclamation and flood control pursuant to the previous legislation upon the subject and to the work of reclamation and flood control which had theretofore been done thereunder. The second subdivision of said section authorized the Reclamation Board to draw upon said fund in a limited amount for administration purposes, but limited the amount to be thus expended to $25,000 in any one fiscal year, and also limited the amount to be expended under the first and second subdivisions of said section to the sum of $200,000 during the current fiscal year. Subdivision three of said section provided that with the balance of said money thus allocated to said fund the State Department of Finance, with the consent of the Reclamation Board, was authorized

"from time to time, and in such manner as it in its discretion shall determine, to purchase, retire and cause to be canceled at such price or prices as it may deem advisable, but not to exceed par plus the accrued interest thereon, all or any warrants or bonds of the Sacramento and San Joaquin Drainage District heretofore or hereafter to be issued as provided in the Reclamation Board Act or in chapter 520, Statutes of California, 1919, and drawn on or based upon or secured by Sutter-Butte By-pass Assessment Number Six, Feather river Assessment Number Seven, or Sacramento river Outlet Assessment Number Two," and which balance of said fund is allocated to each of said purposes for the fiscal years 1929 and 1930 in certain percentages in said subdivision set forth. The amount of money for which the petitioner herein seeks to have the respondent draw his warrant is within such allocation. It is with the provisions of subdivision three of said section that we are solely concerned in the instant proceeding, the respondent having by the briefs and argument presented on his behalf through the office of the attorney-general confined his assault upon said act of the legislature, to the provisions of subdivision three of section 37a thereof. The sole question which the respondent has thus presented for our consideration relates to the expenditure of any portion of said fund under the provisions thereof for the purchase, retirement and cancellation of any warrants or bonds of the Sacramento and San Joaquin Drainage District which had been issued and were outstanding for work in the direction of reclamation and flood control done prior to the enactment of said act of the legislature, and which warrants or bonds the state of California was theretofore under no legal obligation to assume or pay. ■ It is the sole contention of the respondent that the assuming to purchase, pay or retire said warrants or bonds in the manner and to the extent required by the terms and provisions of subdivision three of section 37a of said act of the legislature would amount to a gift of public money, such as is prohibited by the provisions of sections 31 and 32 of article IV of the state Constitution. An examination of the record herein, and particularly of the briefs and arguments presented on behalf of the respondent, discloses that the same precise objection which has thus been made by the respondent to the aforesaid provisions of the act of the

legislature above referred to was presented and urged before this court by the same respondent against the validity of the act of the legislature approved May 27, 1919, and which became effective July 27, 1919, and by the terms of which act the sum of three million dollars had been appropriated by the state legislature for certain uses by the Reclamation Board in connection with Sutter-Butte By-pass Project Number Six of the Sacramento and San Joaquin Drainage District, and which uses as in said act provided were urged by the respondent as being violative of the aforesaid provisions of the state Constitution relating to gifts of public money. In the case of *Sacramento etc. Drainage Dist.* v. *Riley,* 199 Cal. 668 [251 Pac. 207], the aforesaid objections of the respondent to the act of the legislature then under review were considered by this court upon the original hearing thereon and also upon a further and very full consideration of the subject upon rehearing, and in the decision this court, upon such hearing and rehearing, in an exhaustive opinion, disposed of the aforesaid objections of this respondent to the act of the legislature then under review adverse to his contention. Counsel for the respondent in fact frankly admitted, both upon oral argument and in his later briefs, that unless this court was prepared to overrule the decision in 199 Cal., this writ must issue. We are not prepared to overrule or modify in any respect our former opinion, but, on the contrary, we hereby fully affirm and approve the same.

We can perceive no present advantage to be gained by a review of the history of the great public undertaking of flood control, drainage and reclamation along the upper reaches of the Sacramento River and its tributaries which resulted in the several enactments of the state legislature since the inception of that undertaking up to and including both the act of 1919, which was considered and upheld in *Sacramento etc. Drainage Dist.* v. *Riley, supra,* and the act of 1929 and the particular section and subdivision thereof here under review, since we are satisfied that the reasoning and conclusion of this court in its aforesaid decision has full and exact application to the contention which the respondent herein makes in opposition to the issuance of said writ. We therefore conclude that the aforesaid opposition of the respondent to the issuance of the writ is without merit, and

that in so far as the respondent is concerned the writ should issue.

During the progress of the instant proceeding the Western Land and Reclamation Company, a corporation, by leave of this court, filed its complaint in intervention herein, wherein it was set forth that said intervener was the owner of warrant number 9420 issued by the state of California on or about October 7, 1919, directing and authorizing the treasurer of the state to pay to the intervener out of the Sacramento and San Joaquin Drainage District, Sacramento River Outlet Assessment Two Fund, the sum of five thousand dollars, and which warrant having been presented to the treasurer for payment and which payment was refused on account of lack of funds, the warrant was then and there registered by the treasurer and the same registration thereof has since been renewed and extended from time to time until such time as there was money in the treasury belonging to said assessment fund with which to pay the same. It is the contention of the intervener that since the state legislature by the adoption of the act of 1929, and particularly by the provisions of section 37a thereof, has appropriated the sums of money provided therein for the purchase, retirement and cancellation of outstanding warrants and bonds, the intervener is entitled to have its particular warrant and bond purchased, retired and canceled in priority to the warrant which the petitioners herein seek to have ordered approved and paid. The application of the intervener we hold, without an extended review of the long and involved history of the outstanding warrants and bonds of the Sacramento and San Joaquin Drainage District, to be without merit, since under the authority of the previous decisions of this court as well as of the District Court of Appeal, holders of warrants such as that of the intervener, and which primarily were payable through, and only through, the process of assessment provided for in various previous acts of the state legislature, had no vested right to the application of whatever sums of money the state legislature might otherwise see fit to appropriate in furtherance and aid of the aforesaid public purpose and project of reclamation and flood control, and that in the absence of such vested interest in the moneys so appropriated, the holders of such warrants had and have no right to control the allo-

cation of such legislative appropriation. The authorities which completely cover and fully and finally determine this phase of the instant proceeding are to be found in the following cases: *San Joaquin Drainage Dist.* v. *Johnson,* 192 Cal. 211 [219 Pac. 442] ; *Sacramento & San Joaquin Drainage Dist.* v. *Riley,* 194 Cal. 624 [229 Pac. 957] ; *Sacramento etc. Drainage Dist.* v. *Riley, supra; Reclamation Board* v. *Chambers,* 46 Cal. App. 476 [189 Pac. 479]. On the authority of the foregoing cases we hold that the intervener is not to be heard in opposition to the issuance of this writ.

Let the writ issue as prayed for.

Waste, C. J., Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Preston, J., concurred.

Rehearing denied.